# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHEN L. HAWKS,

      Plaintiff,

  -vs-                                                                                                         No. Civ. 07-0348  LH/LAM

ANITA CASTILLEJA, CINDY GROOMER,
BROOKE DORMAN, ERIK O. ENGEN, et al,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Brooke Dorman's Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket No. 7), filed September 5, 2007, and Defendant Anita Castilleja Renteria's[1] Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket No. 8), filed September 6, 2007. The Court, having reviewed the Motions, the record, and the applicable law, and otherwise being fully advised, finds that both Motions were improperly filed and will be **stricken**.

Plaintiff Stephen L. Hawks filed his Complaint in this matter on April 11, 2007. On September 5, 2007, Aaron B. Huffman, Assistant Attorney General for the State of Texas, filed a Motion for Admission *Pro Hac Vice* (Docket No. 6) to represent Defendant Dorman and the Motion to Dismiss on her behalf. The next day, Mr. Huffman filed the Motion to Dismiss on behalf of

---

[1] Defendant Castilleja's last name apparently now is Renteria and she will be referred to as such throughout this Memorandum Opinion and Order.

Defendant Renteria. Mr. Huffman filed an Amended Motion for Admission *Pro Hac Vice* (Docket No. 11) to represent both Defendants Dorman and Renteria on November 27, 2007.

Magistrate Judge Martinez entered her Order Denying Without Prejudice Aaron B. Huffman's Motion for Admission *Pro Hac Vice* (Doc. 6) and Amended Motion for Admission *Pro Hac Vice* (Doc. 11) (Docket No. 13) on December 5, 2007. She denied both Motions because they failed to comply with Local Rule 83.3.[2] Judge Martinez found that although Mr. Huffman had demonstrated he was a member in good standing of the State Bar of Texas, he failed to show that he either had associated with a member of the Federal Bar or had applied to practice in this District in accordance with Rule 83.2[3] and met the requirements to practice as set forth in that Rule. Mr. Huffman finally met the requirements of D.N.M.LR-Civ. 83.3 and was granted leave by Judge Martinez to appear in this action on December 7, 2007. (*See* Order Granting Aaron B. Huffman's Amended Motion for Admission *Pro Hac Vice* (Doc. 16) (Docket No. 17).)

Given this chronology, it is clear that both Motions to Dismiss were prematurely and improperly filed. Under the Local Rules, an attorney must enter an appearance before participating in a proceeding or obtain leave of the Court to sign and file any pleading, motion, or other document.

---

[2] Local Rule 83.3, Appearance and Admission of Attorneys Licensed Outside the District, provides:

> An attorney who is not a member of the Federal Bar may appear in an action, and may file and serve documents electronically under these rules, if:
> - the attorney is a member in good standing of the bar of a state, a territory, or the District of Columbia and associates with a member of the Federal Bar; or
> - the attorney applies to practice in accordance with D.N.M.LR-Civ. 83.2.
> 
> The Federal Bar member must sign the first pleading, accept service, and continue in the action unless another Federal Bar member is substituted.

D.N.M.LR-Civ. 83.3.

[3] Local Rule 83.2, Bar Admissions, Membership and Annual Dues, provides in relevant part: "(a) Admission. To become a member of the Federal Bar, an attorney: (1) must be a member in good standing of the State Bar of New Mexico; . . . and (3) must complete the application form available from the Clerk, be approved by the Clerk, pay the admission fee to the Clerk, and take the prescribed oath." D.N.M.LR-Civ. 83.3(a).

D.N.M.LR-Civ. 83.4(a).[4]  Mr. Huffman did not meet these requirements until December 7, 2007, long after he filed these Motions.  Thus, they will be stricken from the Record of this matter.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant Brooke Dorman's Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket No. 7), filed September 5, 2007, and Defendant Anita Castilleja Renteria's Motion to Dismiss Pursuant to Rule 12(b)(1) (Docket No. 8), filed September 6, 2007, are **STRICKEN FROM THE RECORD**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] Local Rule 83.4, Entry of Appearance, provides in part:

**(a) Individual Attorney.** To participate in a pending proceeding, an attorney must enter an appearance or obtain leave of the Court to sign and file any pleading, motion, or other document. The attorney must:
- be eligible to appear under D.N.M.LR-Civ. 83.2 or 83.3;
- file a written entry of appearance which includes the attorney's name, address, and telephone number; and
- sign the initial pleading or motion filed on behalf of a party.

D.N.M.LR-Civ. 83.4(a).