IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STEPHEN L. HAWKS,

       Plaintiff,

    -vs-                             No. Civ. 07-0348  LH/LAM

ANITA CASTILLEJA, CINDY GROOMER,
BROOKE DORMAN, ERIK O. ENGEN, et al,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on Plaintiff's Motion to Recuse Cindy Croomer as Defendant (Docket No. 20) and Plaintiff's Motion to Join Donald J. Strup as Defendant (Docket No. 22), both filed December 12, 2007.  The Court, having reviewed the Motions and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion to Recuse Cindy Croomer as Defendant is well taken and will be **granted** and Plaintiff Motion to Join Donald J. Strup as Defendant is not well taken and will be **denied**.

In his Motion to Recuse Cindy Croomer as Defendant, Plaintiff, *pro se*,[1] informs the Court that Ms. Croomer is deceased and therefore should be stricken as a defendant. Plaintiff's Motion will be granted, pursuant to FED. R. CIV. P. 25.[2]

In his Motion to Join Donald J. Strup as Defendant, Plaintiff states that he seeks joinder of Donald J. Strup because his joinder is necessary for just adjudication of this action, apparently relying on FED. R. CIV. P. 19.[3] Plaintiff has not shown in any way why Mr. Strup is a necessary or required party to this matter. Indeed, Rule 19, which generally is used to protect the interests of an absentee or a defendant, *see e.g.*, 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 19.02[2] (3d ed. 2007), does not provide an appropriate means for Plaintiff to bring claims against a new defendant, *cf.* FED. R. CIV. P. 15.[4]

---

[1]    *Pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 5121 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2]    Rule 25, Substitution of Parties, provides in part: "After a party's death, if the right sought to be enforced survives only . . . against the remaining parties, the action does not abate, but proceeds against the remaining parties. The death should be noted on the record." FED. R. CIV. P. 25(a)(2).

[3]    Rule 19, Required Joinder of Parties, provides in part:

(a) Persons Required to Be Joined if Feasible.
   (1) Required Party. A person who is subject to service of process and whose joinder will not
   deprive the court of subject-matter jurisdiction must be joined as a party if:
      (A) in that person's absence, the court cannot accord complete relief among existing parties;
      or
      (B) that person claims an interest relating to the subject of the action and is so situated that
      disposing of the action in the person's absence may:
         (i) as a practical matter impair or impede the person's ability to protect the interest; or
         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or
         otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

[4]Rule 15, Amended and Supplemental Pleadings, provides in part:

(a) Amendments Before Trial.
   (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
      (A) before being served with a responsive pleading; or

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse Cindy Croomer as Defendant (Docket No. 20), filed December 12, 2007, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Join Donald J. Strup as Defendant (Docket No. 22), filed December 12, 2007, is **DENIED**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

---

(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).