**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

STEPHEN L. HAWKS,

        Plaintiff,

v.                                                                No. Civ. 07-348 LH/LAM

ANITA CASTILLEJA, CINDY
GROOMER, BROOKE DORMAN,
ERIK O. ENGEN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 19, 2008, Defendant Anita Castilleja Renteria filed a Motion to Dismiss Pursuant to Rule 12(b)(2) (Doc. 34). Defendant Brooke Dorman filed a similar Motion to Dismiss Pursuant to Rule 12(b)(2) that same day (Doc. 35). The Court, having considered the motions, briefs, complaint, and applicable law, concludes that the motions should be granted and the claims against Defendants Castilleja Renteria and Dorman should be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff Stephen Hawks, a resident of New Mexico, filed suit against Defendants Anita Castilleja, Cindy Groomer, Brooke Dorman, and Erik Engen, persons he alleges are employees of the Texas Attorney General's Office Child Support Division ("TAG Office"), all of whom are citizens of Texas, for various alleged wrongs arising out of attempts to enforce a child support order against him. He asserts claims against Defendants generally under 42 U.S.C. § 1983 for violations of the Fourth Amendment, the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and the Interstate Commerce Clause. He also asserts state claims against Defendants for intentional

and negligent infliction of emotional distress.  He alleges federal question jurisdiction under 28 U.S.C. § 1331.

Defendants Dorman and Castilleja Renteria moved for dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(2), arguing that the Court lacks personal jurisdiction over them because they do not have minimum contacts with the State of New Mexico sufficient to satisfy due process.  In response to Defendant Dorman's motion, Plaintiff argues that he would have presented a more detailed picture of her actions, but the TAG Office resisted his efforts to procure his records.  He further contends that Defendant Dorman "on one or more occasions did in fact direct collection activities and/or sanctions purposefully at Plaintiff in the State of New Mexico" in her efforts as an employee to collect claimed child support arrearages through the use of wage garnishment and tax refund interceptions.  Pl.'s Resp. to Def. Brooke Dorman's Mot. to Dismiss (Doc. 38) at 3.  In response to Defendant Castilleja Renteria's motion, Plaintiff asserts that the Interstate Commerce Clause confers jurisdiction over her, because the collection of interstate child support arrearages naturally affects Plaintiff in New Mexico.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a party to assert by motion the defense of lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984).  Where no evidentiary hearing is held, a plaintiff only needs to make a prima facie showing that personal jurisdiction exists.  *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006).  The court may consider all factual pleadings, but resolves all factual disputes in the plaintiff's favor.  *See Cory*, 468 F.3d at 1229; *Behagen*, 744 F.2d

at 733. Courts must construe pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

## III.   DISCUSSION

The personal jurisdiction requirement flows from the Due Process Clause of the Fifth Amendment, restricting judicial power as a matter of individual liberty. *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). Personal jurisdiction protects an individual's liberty interest in avoiding the burdens of litigating in an unfair or unreasonable forum. *Id.* at 1211. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations omitted). "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine: (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay*, 205 F.3d at 1209 (quotations omitted).

The federal statute here, 42 U.S.C. § 1983, does not confer nationwide service of process or jurisdiction upon federal district courts. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Therefore, according to Federal Rule of Civil Procedure 4(k)(1)(A), the Court refers to the New Mexico long-arm statute, N.M. Stat. Ann. § 38-1-16, to determine whether personal jurisdiction exists over a non-resident, out-of-state defendant. *See* Fed. R. Civ. P. 4(k)(1)(A) (2007) ("Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."); *Trujillo*, 465 F.3d at 1217.

New Mexico's long-arm statute uses a three-step test to decide if personal jurisdiction exists: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act. *See Rogers v. 5-Star Mgmt.*, 946 F. Supp. 907, 911 (D.N.M. 1996) (Black, J.) (quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 244 (1989)). The reach of New Mexico's long-arm statute extends personal jurisdiction as far as constitutionally permissible. *F.D.I.C. v. Hiatt*, 117 N.M. 461, 463 (1994). Because New Mexico equates the first and third steps of the test with the due process standard of minimum contacts, the necessity of a technical determination of whether the non-resident defendant committed an enumerated act has evaporated and the analysis collapses into a search for the outer limits of what due process permits. *See id.*; *Santa Fe Techs. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 13, 131 N.M. 772 (2001). Consequently, for the Court to find personal jurisdiction, the plaintiff must allege an occurrence that falls within the long-arm statute and sufficient minimum contacts to comport with due process. *Santa Fe Techs.*, 2002-NMCA-030, ¶ 13.

A plaintiff must show that the defendant had sufficient minimum contacts with New Mexico so as not to offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In determining whether there were sufficient minimum contacts, the court looks at the degree to which the defendant availed herself to the privileges of conducting business within the forum state, thus invoking the benefits and protections of the state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The defendant's conduct and connection with the forum state must be such that she would reasonably anticipate being haled into court there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In this case, Plaintiff failed to allege sufficient minimum contacts with New Mexico to support personal jurisdiction over Defendants Castilleja Renteria and Dorman.  The actions and events upon which Plaintiff's causes of action lie took place predominantly in Texas.  According to Plaintiff's allegations, the 1988 divorce decree and child support order were issued in Potter County, Texas; on August 12, 1999, a Texas court held a hearing after which it modified the original child support order; and from July 1988 through April 2006, Plaintiff made numerous attempts in Amarillo, Lubbock, and Austin asking TAG Office employees to inspect records.  Plaintiff makes other allegations that "TAG employees" and "Defendants" supplied erroneous records to credit reporting agencies, obtained criminal indictments, falsified official reports, and caused him to be falsely imprisoned, falsely arrested, and unlawfully seized, but he fails to allege where and when these acts occurred and what actions each Defendant took to cause these injuries.

Although Plaintiff alleges various acts by "Defendants" generally or by "TAG employees," Plaintiff has not pled any facts to establish any ties or contacts between Defendant Dorman, specifically, and New Mexico.  Although Plaintiff asserts in his *response* that Defendant Dorman on one or more occasions directed collection activities at Plaintiff in New Mexico, Plaintiff does not so allege in his *complaint*.  Rather, Plaintiff alleges in his complaint that the "Attorney General IV-D agency caused $1314.40 to be garnished from plaintiff's federal disability allotment which was to be used to pay [] on a zero balance of accrued arrearages."  Compl. ¶ 32.  Not only does this allegation not name Defendant Dorman as the employee garnishing his disability allotment, it also does not allege any purposeful action in New Mexico.  Although the Court has an obligation to construe a pro se pleading liberally, it cannot invent allegations that are not contained therein.  Plaintiff's allegation in his brief is not sufficient to save the deficiencies in his complaint, and he has

5

not moved to amend his complaint.  The Court thus lacks personal jurisdiction over Defendant Dorman.

As for Defendant Castilleja Renteria, Plaintiff alleges that in mid-March 2004 he contacted Defendant Castilleja Renteria, an administrative assistant in the Texas IV-D court, requesting a copy of an audio recording of the August 12, 1999 hearing.  She instructed him to send a blank audiotape with a self-addressed and stamped return envelope to her and she would furnish him a copy of the recording.  In mid-April 2004, Plaintiff again made contact with Defendant Castilleja Renteria asking about the recording.  On October 27, 2004, Defendant Castilleja Renteria returned the blank tape to Plaintiff in the self-addressed stamped envelope along with a note stating that she was not able to locate the tape of the hearing.  Plaintiff made no other allegations specific to Defendant Castilleja Renteria.  These allegations do not establish sufficient meaningful contacts between Defendant Castilleja Renteria and New Mexico.  As an initial matter, Plaintiff does not even allege that Defendant Castilleja Renteria sent the blank tape to New Mexico.  Even assuming that his complaint could be construed as alleging that she returned the blank tape to his address in New Mexico, that is not an activity in which she purposefully availed herself of the privilege of conducting activities in New Mexico.  Rather, Plaintiff contacted Defendant Castilleja Renteria twice in Texas.  Plaintiff sent the blank tape to Texas.  Defendant Castilleja Renteria merely returned his tape to him.  Nothing Defendant Castilleja Renteria did would reasonably make her anticipate being haled into court in New Mexico.  Finally, Plaintiff's argument that the Interstate Commerce Clause, by itself, confers personal jurisdiction over Defendants is without merit.

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over either Defendant Dorman or Defendant Castilleja Renteria.

**IT IS THEREFORE ORDERED** that

1.Defendant Anita Castilleja Renteria's Motion to Dismiss Pursuant to Rule 12(b)(2) (Doc. 34) is **GRANTED**;

2.Defendant Brooke Dorman's Motion to Dismiss Pursuant to Rule 12(b)(2) (Doc. 35) is **GRANTED**; and

3.All Plaintiff's claims against Defendant Anita Castilleja Renteria and Defendant Brooke Dorman are **DISMISSED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE